UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:	Case No. 22-45102

FREDERICK MICHAEL SMITH, JR.,	Chapter 7

                Debtor.	Judge Thomas J. Tucker
_____/

**ORDER DECLINING TO ENTER STIPULATED ORDER EXTENDING THE
DEADLINE TO OBJECT TO DEBTOR'S DISCHARGE**

      The Debtor in this case filed a voluntary petition for relief under Chapter 7 on June 28, 2022. The deadline to file a complaint objecting to the Debtor's discharge and/or to determine the dischargeability of certain debts was September 19, 2022.

      On September 20, 2022, the United States Trustee filed a stipulation between himself and the Debtor, entitled "Stipulation For Entry of Order Adjourning Deadline for Objections to Discharge" (Docket # 25, the "Stipulation"). The Stipulation states, in relevant part, that "the Office of the United States Trustee, and the Debtor, Frederick Michael Smith, Jr., each by and through their undersigned counsel who do hereby stipulate to the entry of the attached order extending the deadline for the United States Trustee to file an objection to the discharges in this case." The proposed order attached to the Stipulation states, in relevant part, that "[t]he deadline for the United States Trustee to object to the Debtor's discharge is extended to and including November 21, 2022." (Docket # 25 at pdf p. 2 ¶ 1.) After filing the Stipulation, the United States Trustee submitted a proposed order granting this relief.

      The Court concludes that the relief in the stipulated proposed order is precluded by the Federal Rules of Bankruptcy Procedure. The deadline for objecting to discharge expired one day before the Stipulation was filed, and cannot be extended now, as the parties request. Therefore,

the Court must decline to enter the proposed order.

In order for the Court to extend the time for any party to object to a debtor's discharge, that party must file a motion or stipulation to extend the deadline *before* the deadline has expired. Fed. R. Bankr. P. 4004(a) fixes the time for filing a complaint objecting to a debtor's discharge. Fed. R. Bankr. P. 4004(b)(1) provides: "On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired."[1] Fed. R. Bankr. P. 9006(b)(3), provides, in relevant part, that "[t]he court may enlarge the time for taking action under Rules . . . 4004(a), . . . only to the extent and under the conditions stated in [these rules]."

No motion or stipulation to extend the deadline to object to the Debtor's discharge was filed before the September 19, 2022 deadline expired. Therefore, the Court may not extend that deadline.

Accordingly,

IT IS ORDERED that the Court declines to enter the proposed order extending the deadline to file a complaint objecting to the Debtor's discharge. That deadline has expired, and no objection to discharge was filed.

**Signed on September 22, 2022**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[1] The Stipulation does not allege that the exception in Rule 4004(b)(2) applies.

2

22-45102-tjt    Doc 26    Filed 09/22/22    Entered 09/22/22 15:19:34    Page 2 of 2